IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

---

BIANCA GARCIA,

    Plaintiff,

v.

AUSTIN CAPITAL BANK, SSB,

    Defendant.

---

Civil Action No.: 2:20-cv-391

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

DEMAND FOR JURY TRIAL

---

Bianca Garcia ("Plaintiff"), brings this action on an individual basis for damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), seeking statutory and other damages against defendant named herein, and alleges, based upon the personal knowledge of Plaintiff, the investigation of counsel, and upon information and belief, as follows:

**NATURE OF THE ACTION**

1. Plaintiff suffered harm as a result of false and inaccurate information furnished by Austin Capital Bank, SSB ("Defendant" or "ACB") to non-parties Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union"), consumer reporting agencies ("CRAs") as defined under 15 U.S.C. § 1681a(f).

2. The information published in Plaintiff's consumer background report included inaccurate reporting of to the pay status of an account issued by Defendant, a "furnisher" of credit information as that term is used in 15 U.S.C. § 1681s-2(b).

3. Plaintiff disputed the inaccurate information in writing through the channels established by the CRAs for disputing consumer credit information.

4. Defendant, upon information and belief, received notice from the CRAs that Plaintiff disputed the inaccuracies on Plaintiff's consumer background report alleged herein. Defendant failed to conduct a reasonable investigation with respect to the disputed information within 30 to 45 days and failed to mark the accounts as disputed.

5. Defendant willfully, intentionally, recklessly and negligently failed to meet its obligations in violation of the FCRA, §§ 1681 *et seq.* of Title 15 of the United States Code. After receiving notice of Plaintiff's dispute from the CRAs, Defendant failed to conduct a reasonable investigation with respect to the disputed information in violation of § 1681s-2(b).

6. Plaintiff brings this action to recover, *inter alia*, statutory damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendant's misconduct. Defendant's erroneous reporting of inaccurate information in Plaintiff's consumer background reports continues to affect Plaintiff's credit worthiness and credit score. As a result of Defendant's misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681p, which states that "[a]n action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy..."

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

**Plaintiff**

9.  Plaintiff Bianca Garcia is a resident of Portsmouth, Virginia, and qualifies as a "consumer" as that term is defined under 15 U.S.C. § 1681a(c). Plaintiff is an individual (and not an entity).

**Defendant**

10. Defendant Austin Capital Bank, SSB offers a wide array of products to consumers, including home mortgages and personal loans, as well as checking, savings, and card accounts. ACB offers Financial Technologies ("FinTech") brands that offer custom financial products and services online, using a cloud-based platform designated for that purpose. ACB is headquartered in Texas, with a principal place of business at 8100 Shoal Creek Blvd., Austin, Texas 78757. Defendant ACB qualifies as a "furnisher" of credit information as that term is used in 15 U.S.C. § 1681s-2(b).

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

11. CRAs compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing.

12. After receiving notice of a consumer's dispute from a CRA that information was inaccurate, Furnishers (such as Defendant) are required to conduct a reasonable investigation regarding the disputed information. When and if appropriate, following the performance of the reasonable investigation, furnishers are obligated to remove any inaccurate information. At a

minimum, furnishers are required to mark the status of the tradeline/account as disputed on the consumer's background reports.

13. Plaintiff has a legally protected interest in Defendant fulfilling its duties under the FCRA, so that the information is reported and maintained fairly, to support maximum levels of confidentiality, accuracy, and relevancy.

14. Upon information and belief, on dates better known to Equifax and Trans Union, consumer background reports were issued by the CRAs concerning Plaintiff that included inaccurate information in the pay status fields for a mortgage account issued by ACB.

15. The ACB account was closed, the balance was $0 and Plaintiff's payment obligation to ACB ceased, yet Defendant still reported in nonsensical fashion the payment status of the account as "60 days past due date" on Plaintiff's consumer background reports. Moreover, the reporting of the account should not have contained the "60 days past due date" language to describe the "pay status" considering that the account was showing a zero balance.

16. Had Defendant performed any reasonable investigation it would have determined that accounts with a zero balance could not be late and past due, as such circumstances are inherently contradictory and nonsensical.

17. On February 21, 2020, Plaintiff sent a letter to the CRAs, disputing the accuracy of the reporting of the Austin Capital Bank account. The payment status of the account on Plaintiff's consumer background reports should not have contained the "60 days past due date" language for the reasons stated above. This reporting is extremely misleading, as such reporting causes lenders to believe Plaintiff is currently late on the payments for these accounts, negatively reflecting on Plaintiff's credit worthiness. This inaccuracy also misleads prospective lenders into believing that

Plaintiff has an obligation to pay a monthly amount to ACB, when that is not so, ultimately giving the perception that Plaintiff's overall disposable monthly income is less than it really is.

18. Defendant willfully, intentionally, recklessly and negligently failed to take any real action following Plaintiff's disputes, failed to perform any reasonable investigation, and ultimately failed to remove the inaccurate information. The inaccurate information continues to be published in Plaintiff's consumer background reports.

19. Subsequently, Plaintiff was denied the extension of further credit on the basis of the inaccurate reporting.

## CAUSES OF ACTION

### COUNT I

### Against Defendant for Violation of the FCRA, 15 U.S.C. § 1681s-2(b)

20. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

21. Under 15 U.S.C. § 1681s-2(b), *inter alia*:

After receiving notice pursuant to 15 U.S.C. § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A) *conduct an investigation with respect to disputed information*;

(B) review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency; [and]

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information...

(Emphasis added).

22. Defendant failed to conduct a timely and reasonable investigation of Plaintiff's dispute after receiving notice from the CRAs concerning Plaintiff's dispute. Defendant further

willfully, intentionally, recklessly, and/or negligently continued to report such inaccurate information to the CRAs.

23. Instead of removing the inaccurate information, Defendant improperly claimed that the inaccurate information is verified and verified the inaccurate information to Equifax and Trans Union in response to Plaintiff's dispute.

24. Defendant's conduct was a direct and proximate cause in causing the damages suffered by Plaintiff. As a result of Defendant's misconduct complained about herein, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

25. As a result of Defendant's misconduct, Plaintiff is entitled to statutory, actual, and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

A. awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

B. awarding attorneys' fees and costs, and other relief; and

C. awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: July 29, 2020          **WOEHRLE DAHLBERG JONES YAO, PLLC**

/s/ Theseus D. Schulze
Theseus D. Schulze

Woehrle Dahlberg Jones Yao PPLC
VSB#93756
10615 Judicial Drive, Suite 102
Fairfax VA 22030
Telephone: (571) 399 5925
Facsimile: (888) 618-8954
Email: tschulze@lawfirmvirgina.com

*Attorneys for Plaintiff*